UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A.C., a minor child by his next friend, mother and legal guardian, M.C., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:21-cv-02965-TWP-MPB ) |
| METROPOLITAN SCHOOL DISTRICT OF MARTINSVILLE; PRINCIPAL, JOHN R. WOODEN MIDDLE SCHOOL, in his official capacity, | ) ) ) ) ) |
| Defendants. | ) |

**REQUEST FOR COURT TO TAKE JUDICIAL NOTICE OF
STATE COURT ORDER AND NOTICE OF COLLATERAL ESTOPPEL**

Defendant, Metropolitan School District of Martinsville[1] ("Defendant"), by counsel, hereby requests that the Court take judicial notice of the Findings and Conclusions Re: Change of Gender Marker for a Minor Child (the "Order") issued on April 8, 2022, by the Morgan Superior Court No. 3, Cause No. 55D03-2111-MI-****, attached hereto as Exhibit 1. Furthermore, because the Order satisfies the four elements of collateral estoppel, the Order is entitled to be given collateral estoppel effect in this matter as it relates to Plaintiff's legal gender and may also apply to issues of irreparable harm and balance of the harms. In support of this motion and notice, Defendant states as follows:

1. On April 11, 2022, Plaintiff made reference to the Order in their Notice to the Court (ECF No. 41), advising the Court that "on April 8, 2022, the Morgan Superior Court denied the

---

[1] Because Plaintiff redundantly sued the School District and an employee in his official capacity for the same claims, the School District is the proper and only party. *See Ball v. City of Muncie*, 28 F. Supp. 3d 797, 802 (S.D. Ind. 2014).

request for a gender marker change that M.C. had filed for A.C." (ECF No. 41 at 1.) However, Plaintiff did not provide a copy of the Order with the filing.

2. On April 11, Plaintiff provided a copy of the Order to Defendant at Defendant's counsel's request.

3. In the parties' briefing and at the oral argument held on April 8, 2022, both parties referenced the fact that Plaintiff had requested a gender marker change in the Morgan Superior Court. Defendant maintained that the request for a preliminary injunction was premature, in part, because the state trial court had not yet ruled upon Plaintiff's request for a gender marker change. Because the Morgan Superior Court has now issued its Order, this Court may appropriately take judicial notice of that decision. *See In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions).

4. Furthermore, the Order is entitled to collateral estoppel effect in this matter. "For a ruling to have collateral estoppel effect, four elements must be met: (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *Universal Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 462 (7th Cir. 2007) (internal citation and quotation marks omitted).

5. Here, all four elements of collateral estoppel are met at this stage in the litigation as it relates to Plaintiff's legal gender and may also apply to issues of irreparable harm and the balance of the harms. Specifically, in the Morgan Superior Court proceeding, the Morgan Superior Court denied Plaintiff's request to change Plaintiff's gender marker from female to male. Notably, Plaintiff argued that it would be in the best interests of the child to allow for a gender marker

change so that Plaintiff would have access to the boys' restroom. However, based upon the evidence before it, the Morgan Superior Court questioned whether Plaintiff's best interests would be served by allowing Plaintiff to have access to the boys' restrooms and ultimately determined that granting a gender marker change would not be in Plaintiff's best interests.

6.  As a result, the issue of Plaintiff's legal gender and whether it was in Plaintiff's best interests to grant a gender marker change was actually litigated in the proceeding in the Morgan Superior Court and was essential to the court's final judgment. Plaintiff was fully represented in that prior action. Accordingly, the elements of collateral estoppel have been met at this stage in the litigation.

7.  Furthermore, at this preliminary injunction stage, the Morgan Superior Court order offers the only individualized assessment of the best interests of the child before this Court. *See* ECF No. 35 at 22-23. Perhaps Plaintiff presents a more individualized assessment during the course of this litigation, and the Court can analyze that presentation as this case unfolds. But at present, and for purposes of relief under Federal Rule of Civil Procedure 65, the individualized assessment conducted by the Morgan Superior Court should be found more persuasive and indeed controlling.

8.  Because of its confidential nature, Defendant is moving to maintain the Order under seal concurrently with this motion.

WHEREFORE, Defendant respectfully moves the Court to take judicial notice of the Findings and Conclusions Re: Change of Gender Marker for a Minor Child issued on April 8, 2022, by the Morgan Superior Court No. 3, Cause No. 55D03-2111-MI-****, and that the Order be given collateral estoppel effect in this matter.

Respectfully submitted,

/s/ *Philip R. Zimmerly*
Jonathan L. Mayes (#25690-49)
Philip R. Zimmerly (#30217-06)
Mark A. Wohlford (#31568-03)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000; (317) 684-5173 (Fax)
PZimmerly@boselaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2022, a copy of the foregoing "Request for Court to Take Judicial Notice of State Court Order and Notice of Collateral Estoppel" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Kenneth J. Falk, Esq.<br>Stevie J. Pactor, Esq.<br>ACLU of Indiana<br>1031 East Washington Street<br>Indianapolis, IN  46202<br>kfalk@aclu-in.org<br>spactor@aclu-in.org | Kathleen Bensberg, Esq.<br>Indiana Legal Services, Inc.<br>1200 Madison Avenue<br>Indianapolis, IN  46225<br>Kathleen.bensberg@ilsi.net<br><br>Megan Stuart, Esq.<br>Indiana Legal Services<br>214 South College Avenue, 2nd Floor<br>Bloomington, IN  47404<br>Megan.stuart@ilsi.net |

/s/ *Philip R. Zimmerly*
Philip R. Zimmerly

4350551