UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A. C. a minor child, by his next friend, mother and legal guardian, M.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )      No. 1:21-cv-02965-TWP-MPB ) |
| METROPOLITAN SCHOOL DISTRICT OF MARTINSVILLE, PRINCIPAL, JOHN R. WOODEN MIDDLE SCHOOL in his official capacity, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' REQUEST FOR COURT TO TAKE JUDICIAL NOTICE OF STATE COURT ORDER AND NOTICE OF COLLATERAL ESTOPPEL**

This matter is before the Court on Defendants Metropolitan School District of Martinsville's and Principal of John R. Wooden Middle School in his official capacity's (collectively, the "School District") Request for the Court to take Judicial Notice of State Court Order and Notice of Collateral Estoppel (Filing No. 42). The School District's Request is related to a pending Motion for Preliminary Injunction (Filing No. 9) from Plaintiff A.C. a minor child, by his next friend, mother and legal guardian, M.C. ("A.C.") related to his Complaint seeking declaratory and injunctive relief for violations of Title IX and the Equal Protection Clause of the Fourteenth Amendment (Filing No. 1). For the following reasons, the Court **grants in part** and **denies in part** the Request.

## I.      LEGAL STANDARD

Federal Rule of Evidence 201(b) permits a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute" because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned. "Judicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

Collateral estoppel, also referred to as issue preclusion, prevents a party from relitigating issues that were resolved in a prior legal action. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). When a party attempts to use collateral estoppel they must show that (1) the party against whom the estoppel is asserted was a party to the prior adjudication, (2) the issues forming the basis of the estoppel were actually litigated and decided on the merits in the prior suit, (3) the resolution of the particular issues was necessary to the court's judgment, and (4) those issues are identical  to issues raised in the subsequent suit. *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) (quotations omitted).

## II.    DISCUSSION

### A.    Request to Take Judicial Notice

The School District requests that this Court take judicial notice of the Findings and Conclusions denying A.C.'s request for a gender marker change entered by the Morgan Superior Court in A.C.'s state court case. (Filing No. 42.) Orders that have been entered by a state court are public records and "appropriate subjects of judicial notice." *In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018). Thus, the Court **grants** the Request to take judicial notice of the state court's order.

### B.    Notice of Collateral Estoppel

In addition to asking this Court to take judicial notice, the School District also argues that the order meets the requirements of collateral estoppel on the issues of irreparable harm and balance of harm in A.C.'s preliminary injunction motion, which is currently pending before this

Court. Specifically, the School District contends that "at this preliminary injunction stage, the Morgan Superior Court order offers the only individualized assessment of the best interests of the child before this Court." (Filing No. 42 at 3.)

The Court does not agree. The Morgan Superior Court order was solely limited to deciding whether the gender marker on A.C.'s birth certificate should be changed. *See In re A.L.*, 81 N.E.3d 283, 288 (Ind. Ct. App. 2017). That issue is not before this Court. Pending before this Court are A.C.'s claims of violation of Title IX and the Equal Protection Clause. (Filing No. 1.) While the School District expressed at oral argument that a gender marker change might influence its decision on whether to let A.C. use the boys' restroom, the gender marker change is not dispositive of the Court's pending decision on A.C.'s preliminary injunction motion. Further, as it relates to the issue of irreparable harm and balance of harm, it is difficult for the Court to see how the Morgan Superior Court order weighs in the School District's favor as the School District was not a party to the state court action and provided no support that the state court reached its decision relying on the same evidence that has been presented to this Court. While both cases involve A.C. and issues surrounding his gender identity, the Morgan Superior Court's order has no preclusive effect on this Court's future decisions. In this regard, the School District's Notice is **denied**.

### III.   CONCLUSION

For the foregoing reasons, Defendants Metropolitan School District of Martinsville's and Principal of John R. Wooden Middle School in his official capacity's Request for the Court to Take Judicial Notice (Filing No. 42) is **GRANTED in part and DENIED in part.** It is **granted** in that the Court takes Judicial Notice of the Morgan Superior Court's Order, but the Notice of Collateral Estoppel is **denied**.

**SO ORDERED.**

Date:   4/14/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kathleen Belle Bensberg
Indiana Legal Services
kathleen.bensberg@ilsi.net

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jmayes@boselaw.com

Stevie J. Pactor
ACLU OF INDIANA
spactor@aclu-in.org

Megan Stuart
INDIANA LEGAL SERVICES, INC. (Bloomington)
megan.stuart@ilsi.net

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com