UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| A.C., a minor child by his next friend, mother and legal guardian, M.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:21-cv-02965-TWP-MPB |
| METROPOLITAN SCHOOL DISTRICT OF MARTINSVILLE; PRINCIPAL, JOHN R. WOODEN MIDDLE SCHOOL, in his official capacity, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' EXPEDITED MOTION FOR STAY
OF PRELIMINARY INJUNCTION PENDING APPEAL**

Defendants, Metropolitan School District of Martinsville and Principal of John R. Wooden Middle School,[1] ask this Court to stay the enforcement of the preliminary injunction entered in this case (the "Order") pending appeal because the School District may ultimately prevail on the merits, and enforcement of the Order in the interim would result in irreparable harm and not be in the public interest. Thus, on balance, a stay of the Order pending appeal is proper.

## I.     Legal Standard

Rule 62 of the Federal Rules of Civil Procedure allows a party to move for a stay of the judgment or order of a district court pending appeal, and Rule 62(c) specifically permits a district court to stay an injunction pending appeal. *Hinrichs v. Bosma*, 410 F. Supp. 2d 745, 748 (S.D. Ind. 2006); Fed. R. Civ. Pro. 62; *see also* Fed. R. App. Pro. 8(a)(1)(A). The factors regulating the

---

[1] Because Plaintiff redundantly sued the School District and an employee in his official capacity for the same claims, the School District is the proper and only party. *See Ball v. City of Muncie*, 28 F. Supp. 3d 797, 802 (S.D. Ind. 2014).

issuance of such a stay include: "(1) 'whether the stay applicant has made a strong showing that he is likely to succeed on the merits' on appeal; (2) 'whether the applicant will be irreparably injured absent a stay'; (3) 'whether issuance of the stay will substantially injure the other parties interested in the proceeding'; and (4) 'where the public interest lies.'" *Cmty. Pharmacies of Indiana, Inc. v. Indiana Fam. & Soc. Servs. Admin.*, 823 F. Supp. 2d 876, 878 (S.D. Ind. 2011) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776, (1987)). In considering whether a stay is appropriate, the district court is trying to "minimize the costs of being mistaken." *Hinrichs*, 410 F. Supp. 2d at 749 (quoting *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d 6, 12 (7th Cir.1992)). Thus, "[i]f the threat of irreparable harm is grave, a stay may be appropriate even if the appellant's prospects of success on the merits are not bright." *Id.*

## II.   Legal Analysis

### 1.   Likelihood of Success on the Appeal

As has been briefed and argued during oral argument, the facts in this case are different from *Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034 (7th Cir. 2017), and legal arguments presented in this case are distinguishable. This Court acknowledged some of these differences in the Order (*see* ECF No. 50 at 10), but ultimately decided *Whitaker* is controlling. Given the acknowledged factual differences and the legal developments post-*Whitaker*, the Seventh Circuit may distinguish this case from *Whitaker* and/or entirely depart from the *Whitaker* decision.

Notably, in *Whitaker*, the Seventh Circuit expressly extended reasoning from Title VII case law and depended on Title VII case law to discern the scope of Title IX. 858 F.3d at 1046-50. Moreover, the Supreme Court's more recent *Bostock* decision expressly distanced Title VII case law from Title IX cases (withholding determinations on facility distinctions between the

sexes under Title IX for a different day and inviting legal arguments and more thorough briefing on Title IX). *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1753 (2020). Finally, *Whitaker* used the wrong preliminary injunction standard—a lighter standard—regarding the likelihood of success prong of the analysis, and has since been faulted for that error. *See Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020). These points combine to create a scenario where the import of *Whitaker* is on uncertain grounds for a case that argues strictly from the perspective of Title IX (rather than Title VII and extending Title VII reasoning), as is the case here. Title IX is clear and unambiguous and, alongside its implementing regulations, permits schools to do exactly what the School District has done here—distinguish between facilities such as bathrooms and locker rooms on the basis of sex. *See* 20 U.S.C. §§ 1681(a) and 1686; 34 C.F.R. § 106.33. This necessarily requires a similar outcome under A.C.'s Equal Protection claim or else Title IX itself is improper and unconstitutional.

Given the acknowledged factual differences between this case and the facts underlying the *Whitaker* rationale and the fact Title IX was not strictly argued in *Whitaker* according to its own statutory text and implementing regulations, it is not unreasonable to believe the Seventh Circuit may distinguish this case from *Whitaker* or revisit *Whitaker* entirely on appeal. This factor weighs in favor of staying the Order pending appeal when balanced against the other factors regulating the Court's discretion on entering a stay.

### 2. Irreparable Harm, Balance of the Harms, and the Public Interest

Because the Court must balance the likelihood of success on appeal against the other factors, it is important to point out that A.C. has used the neutral bathroom for two-and-a-half years without incident, and the remaining time in the present school year is limited to little more than a month. Consequently, the potential harm to A.C. by staying the Order is minute.

Meanwhile, any change in the current status quo regarding bathroom access would cause irreparable harm to the School District and not be in the public interest.

That is, to require the School District to permit A.C. access to the boys' restrooms at this juncture, only to have it reversed on appeal, would be disruptive of the school's operations for the remainder of this school year and undermine the order and authority of the school and its right under Title IX to balance the social, privacy, and safety interests of its students going forward. In other words, the potential harm to the School District outstrips the potential harm to A.C., considering the lack of any reportable harm to A.C. over the past two plus years while not having access to the boys' bathrooms and the short time remaining in the present school year.

As well, the public interest weighs in favor of maintaining the School District's authority over such matters until more clear and direct guidance on Title IX is provided. The status quo has been that schools have the authority to sex-segregate facilities under Title IX and are not subject to being forced to adhere to the demands of a particular interested group. *See Parents for Priv. v. Barr*, 949 F.3d 1210, 1227 (9th Cir.), *cert. denied*, 141 S. Ct. 894, 208 L. Ed. 2d 452 (2020).

**III.    Conclusion**

The School District respectfully requests that the Order be stayed pending appeal to the Seventh Circuit, as it may win on appeal and the balance of harms and public interest weigh in favor of issuing a stay. Due to the exigent circumstances involving nonparties to this litigation who are directly impacted by the Order, the School District waives any right to hearing on this motion and respectfully asks that the Court rule on this present motion expeditiously.

Respectfully submitted,

/s/ *Philip R. Zimmerly*
Jonathan L. Mayes (#25690-49)
Philip R. Zimmerly (#30217-06)
Mark A. Wohlford (#31568-03)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000; (317) 684-5173 (Fax)
JMayes@boselaw.com
PZimmerly@boselaw.com
MWohlford@boselaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2022, a copy of the foregoing "Brief in Support of Defendants' Expedited Motion for Stay of Preliminary Injunction Pending Appeal" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Kenneth J. Falk, Esq.<br>Stevie J. Pactor, Esq.<br>ACLU of Indiana<br>1031 East Washington Street<br>Indianapolis, IN  46202<br>kfalk@aclu-in.org<br>spactor@aclu-in.org | Kathleen Bensberg, Esq.<br>Indiana Legal Services, Inc.<br>1200 Madison Avenue<br>Indianapolis, IN  46225<br>Kathleen.bensberg@ilsi.net<br><br>Megan Stuart, Esq.<br>Indiana Legal Services<br>214 South College Avenue, 2nd Floor<br>Bloomington, IN  47404<br>Megan.stuart@ilsi.net |

/s/ *Philip R. Zimmerly*
Philip R. Zimmerly

4353809

5