UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A. C. a minor child, by his next friend, mother and legal guardian, M.C., </br></br>  Plaintiff, </br></br> v. </br></br> METROPOLITAN SCHOOL DISTRICT OF MARTINSVILLE, and PRINCIPAL, JOHN R. WOODEN MIDDLE SCHOOL in his official capacity, </br></br> Defendants. | Case No. 1:21-cv-02965-TWP-MPB |

**ORDER DENYING DEFENDANTS' EXPEDITED MOTION
FOR STAY OF PRELIMINARY INJUNCTION PENDING APPEAL**

This matter is before the Court on an Expedited Motion for Stay of Preliminary Injunction Pending Appeal filed by Defendants Metropolitan School District of Martinsville and Principal of John R. Wooden Middle School in his official capacity (collectively, the "School District") (Filing No. 53). This action was initiated by Plaintiff A.C,. a minor child, by his next friend, mother and legal guardian, M.C., ("A.C."), seeking declaratory and injunctive relief for violations of Title IX and the Equal Protection Clause of the Fourteenth Amendment. (Filing No. 1.) On April 27, 2022, the Court granted A.C.'s Motion for Preliminary Injunction permitting him the right to use any boys' restroom within his middle school. (Filing No. 50.) The School District now seeks to stay the Court's Order on that preliminary injunction pending its appeal to the Seventh Circuit. For the reasons stated herein, the School District's Motion for Stay of Preliminary Injunction is **denied**.

**I. LEGAL STANDARD**

Requests for stays pending appeal are governed by Federal Rule of Civil Procedure 62(c), which provides that "[w]hile an appeal is pending from an interlocutory order . . . that grants,

dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  This type of stay is considered "extraordinary relief" and the moving party bears a "heavy burden of proof."  *Winston-Salem/Forsyth Cnty. Bd. of Educ. v. Scott*, 404 U.S.1221, 1231 (1971) (Burger, C.J., in chambers).

A decision concerning a stay pending appeal is similar in nature to a decision granting or denying a preliminary injunction. Specifically, to make a stay determination, a court must consider: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits" on appeal; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

## II.     BACKGROUND

The background and underlying facts of this case are recounted in the Court's opinion granting A.C.'s Motion for a Preliminary Injunction.  *A.C. by M.C. v. Metropolitan School District of Martinsville*, No. 1:21-cv-2965-TWP-MPB, 2022 WL 1289352, at *1 (S.D. Ind. Apr. 29, 2022) and are adopted for the Order.  No additional facts or evidence were relied on by the parties in briefing the current motion.

## III.     DISCUSSION

Relying on the same arguments it presented in opposition to A.C.'s Motion for Preliminary Injunction, the School District argues that it is likely to succeed on the merits of its appeal because the facts in this case are distinguishable from those in *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034 (7th Cir. 2017).  The School District contends that "[g]iven the acknowledged factual differences and the legal developments post-*Whitaker*, the Seventh Circuit

may distinguish this case from *Whitaker* and/or entirely depart from the *Whitaker* decision." ([Filing No. 54 at 2](#).)  Specifically, the School District once again posits that the United States Supreme Court's decision in *Bostock v. Clayton Cnty, Georgia*, 141 S. Ct. 1731 (2020), "withh[eld] determination on facility distinctions between the sexes under Title IX for a different day and invit[ed] legal arguments and more thorough briefing on Title IX."  Additionally, the School District argues that the preliminary injunction evaluation standard for likelihood of success on the merits used in *Whitaker* was later held to be incorrect.  *See Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020) (finding that the "better than negligible" standard should no longer be used).

In the Rule 62(c) context, whether the movant can demonstrate a likelihood of success on the merits and irreparable harm is a threshold issue.  *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997) ("If the movant can make these threshold showings, the court then moves on to balance the relative harms considering all four factors using a 'sliding scale' approach.").  Additionally, because a movant's arguments have likely been previously evaluated by the court, the movant "must make a stronger threshold showing of likelihood of success to meet its burden."  *Id.* at 1301.  To satisfy this first factor, a movant must "demonstrate a substantial showing of likelihood of success, not merely the possibility of success." *Id.*

Here, the School District has not met these threshold issues.  In making its ruling granting injunctive relief, the Court did not rely on the "better than negligible" standard criticized in *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020).  The Court also rejected the School District's assertions that the facts in Whitaker were distinct, and the School district has not presented any additional evidence to change the Court's determinations.  *Whitaker* remains good law, is directly on point and dictates the result here.  As the School District itself appears to admit,

3

its argument is that it would not be "unreasonable to believe that the Seventh Circuit may distinguish this case from *Whitaker* or revisit *Whitaker* entirely on appeal." (Filing No. 54 at 3.) But reasonability is not the appropriate showing the School District must make. Likewise, the possibility that the Seventh Circuit may distinguish a case or revisit a previous ruling exists for many appeals, and does not produce a strong showing that the School District likely to succeed on the merits on appeal.

The only harm the School District has alleged is that to have the preliminary injunction reversed on appeal "would be disruptive of the school's operations . . . and undermine the order and authority of the school . . . ." (Filing No. 54 at 4.) This speculative harm is both unsupported by any evidence and appears questionable given that the School District allows other transgender students to use the restrooms associated with their gender identity. Moreover, as argued by A.C., the school year ends in a matter of days on--May 26, 2022--which is less than the three weeks during which A.C. used the boys' restrooms without incident earlier this year. (Filing No. 60 at 3-4.) The School District has not shown that enforcement of the Order in the interim would result in irreparable harm.

In addition, the School District has not presented any new arguments or evidence to demonstrate that the public interest weighs in favor of maintaining the School District's authority over such matters until more clear and direct guidance on Title IX is provided. For the same reasons explained in the Order Granting Preliminary Injunction, the Court determines that the School District has not shown that the public interest will be served by the issuance of a stay pending the School District's appeal. Because the School District is not able to meet its threshold burden of showing some likelihood of success on its motion, nor that it will suffer irreparable harm, the School District's Motion is **denied**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Expedited Motion for Stay of Preliminary Injunction Pending Appeal, (Filing No. 53), is **DENIED**.

**SO ORDERED.**

Date: 5/16/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kathleen Belle Bensberg
INDIANA LEGAL SERVICES
kathleen.bensberg@ilsi.net

Megan Stuart
INDIANA LEGAL SERVICES, INC. (Bloomington)
megan.stuart@ilsi.net

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Stevie J. Pactor
ACLU OF INDIANA
spactor@aclu-in.org

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jmayes@boselaw.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com