UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A.C., a minor child, by his next friend, mother and legal guardian, M.C., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 1:21-cv-02965-TWP-MPB |
| METROPOLITAN SCHOOL DISTRICT OF MARTINSVILLE, ) ) ) ) | |
| Defendant. ) | |

**Amended Complaint for Declaratory and Injunctive Relief and Damages**

**Introduction**

1.  A.C. is a transgender boy who is currently a 9th grade student at Martinsville High School, one of the schools within the Metropolitan School District of Martinsville ("MSD Martinsville"). He has identified as male since he was 8 and has presented himself to the world as a boy since he was 9, using a typically male first name. He was diagnosed with gender dysphoria in 2021 and has received treatment since that time aimed at alleviating the distress associated with the incongruence between his male gender identity and his birth-assigned sex. After initially receiving puberty suppressants he is now receiving testosterone that has resulted in his body developing masculine secondary sex characteristics that align his body with his gender identity. Pursuant to court order his

[1]

birth certificate's gender marker has been changed to male and his name has been formally changed to the typically male name he has been using for years.

2. When he attended at the John R. Wooden Middle School, another school within MSD Martinsville, requests were made on his behalf that he be allowed to use male restrooms and that he be referred to by his preferred male name and pronouns. Pursuant to MSD Martinsville policy he was not allowed to use male restrooms and no requirement was then imposed that he be referred to by his preferred name and male pronouns.

3. After the filing of this litigation, staff were instructed to call A.C. by his male name and were instructed to refer to him by using male pronouns. However, MSD Martinsville remained unwilling to allow A.C. to use male restrooms, necessitating a preliminary injunction by this Court that ordered that he be allowed to use the male restrooms at the middle school. (Dkts. 50, 65). The preliminary injunction was affirmed by the Seventh Circuit, 75 F.4th 760 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 683 (2024). As A.C. is now in high school, another preliminary injunction was necessary to allow him to use the male restrooms at Martinsville High School (Dkt. 87), and he has used the boys' restrooms without incident since school started in August of 2023. But for the preliminary injunction he would not be allowed to use the boys' restrooms at the high school or in any other MSD Martinsville school property.

4. Defendant's failure to recognize A.C. as male and to allow him to use boys' restrooms and facilities in MSD Martinsville schools violates both Title IX of the

[2]

Education Amendments Act of 1972, 20 U.S.C. § 1681(a), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. He is entitled to declaratory and injunctive relief, as well as his damages.

**Jurisdiction, venue, and cause of action**

5. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

7. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and by 28 U.S.C. §§ 2201, 2202.

8. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of right secured by the United States Constitution and as a private cause of action under Title IX as authorized by *Cannon v. University of Chicago*, 441 U.S. 677, 717 (1979).

**Parties**

9. A.C. is a minor child who resides in Martinsville, Indiana. He brings this action by his mother as his next friend and legal guardian.

10. The Metropolitan School District of Martinsville is a public school corporation providing educational services in Martinsville, Indiana.

**Factual allegations**

11. A.C. is currently a 9th grade student at Martinsville High School, of the schools within MSD Martinsville.

[3]

12. Although the gender assigned to A.C. at birth was female, he has known himself to be a boy since he was 8.

13. When A.C. was 9 he told his mother, M.C. that he was not a girl and did not want to be referred to using female pronouns, and he began to use a typically male first name that he has used ever since.

14. Since that time he has consistently presented himself as a boy with masculine clothing and a masculine haircut.

15. Since his time in elementary school, A.C. has been treated as a boy by his family and friends.

16. In 2021, A.C. began to receive care at the Gender Health Program at Riley Children's Health and was diagnosed with, and began to receive treatment for, gender dysphoria.

17. Gender dysphoria is a recognized condition, codified in the American Psychiatric Association's Diagnostic and Statistical Manual, 5th addition, that recognizes that the disconnect between one's gender identity and birth-assigned sex may cause clinically significant distress or impairment in social, occupational, or other important areas of functioning.

18. A.C.'s gender dysphoria has caused depression, anxiety, anger, and self-harm as he was faced with a maturing body that did not match his gender-identity.

19. To help address his gender dysphoria, in the fall of 2021 his health professionals at the Gender Health Program prescribed him, and he began to take, hormonal suppression to block his menstrual periods.

20. Being treated like a boy and being able to express himself as a boy serves to decrease A.C.'s psychological distress.

21. In the 2021-2022 school year, A.C. was a 7th grader at the John R. Wooden Middle School ("Wooden"), which contains 7th and 8th grades.

22. At the beginning of 7th grade teachers at Wooden frequently referred to A.C. using female pronouns, despite A.C.'s efforts to have them use male pronouns.

23. This was extremely distressing to A.C.

24. Subsequent to the filing of this litigation in December of 2021, teachers were instructed by Wooden's Principal to use A.C.'s preferred name and to refer to him using male pronouns.

25. When A.C. began the 7th grade at Wooden in the fall of 2021, he was acutely uncomfortable using the girls' restrooms as he knew he was not female and did not present as female.

26. He knew himself, and continues to know himself, as male.

27. At the beginning of the 2021-2022 school year, A.C. used Wooden's single-toilet restroom in the school's health clinic.

28. This was also extremely problematic as it was distant from his classes and singled him out as different from his classmates who were able to use restrooms consistent with their gender identity.

29. Additionally, in order to use this restroom A.C. had to sign in at the clinic, further singling him out and causing him distress and anxiety.

30. Use of the clinic restroom during passing periods also made him late for class, causing him to be marked tardy and potentially subject to discipline.

31. His solution was to attempt not to use the restroom at all during school, which was difficult, painful, and distressing.

32. In September of 2021, A.C.'s step-father contacted Wooden to ask if A.C. could use the boys' restrooms in the school, and Wooden's Principal indicated that A.C. had to use the restroom in the nurse's office if he did not use the girls' restrooms.

33. Wooden's Principal later reiterated that A.C. could not use the male restrooms, but indicated that he would not be disciplined for being tardy to class. Wooden's Principal offered to allow A.C. to participate in remote education rather than coming to school.

34. A.C. disobeyed the order that he not use the boys' restrooms, and for three weeks used the boys' restrooms.

35. The boys' and girls' restrooms at Wooden had multiple stalls with doors. The boys' restrooms also had urinals separated by dividers.

36. There were no student complaints concerning A.C.'s use of the boys' restrooms.

37. However, after three weeks A.C. was seen by a staff member using the boys' restroom and he was advised by Wooden's Principal that he could only use the girls' restroom or the restroom in the health clinic and that if he disobeyed this order he would be disciplined.

38. The Principal at Wooden approved a notice that was sent to all staff advising them that the district policy was that a student had to use the restrooms of their birth sex or the health clinic bathroom.

39. Nevertheless, MSD Martinsville has allowed some transgender students at Martinsville High School to use the restrooms associated with their gender identity. This policy has not been extended by MSD Martinsville to the middle school.

40. Therefore, from late November of 2021 until this Court issued its Order on Plaintiff's Motion for Preliminary Injunction on April 29, 2022, A.C. was not allowed to use the boys' restrooms at Wooden.

41. This worsened the anxiety and depression caused by his gender dysphoria, making him feel isolated and punished for who he is.

42. School became a major source of anxiety and distress for A.C.

43. This discomfort and mental distress made him unable to focus on school and undermined the progress he had made in becoming the boy that he is.

44. He became depressed, humiliated, and angry and suffered emotionally, psychologically, and physically.

45. The preliminary injunction allowing him to use the boys' restrooms resulted in a reduction of his anxiety and depression.

46. On July 22, 2022, an Indiana state court entered an order changing the gender marker on A.C.'s birth certificate to "male." Prior to this, A.C.'s legal name was changed to the typically male name that he had been using for years.

47. He is therefore recognized as male by the State of Indiana.

48. In November of 2022 A.C. began to receive testosterone, which has allowed his body to develop secondary sex characteristics such as his voice deepening, the growth of body hair, and slimming of his body. He continues to receive this gender-affirming care.

49. A.C. completed 8th grade at Wooden in the Spring of 2023. He continued to use the boys' restrooms without incident after this Court issued its preliminary injunction.

50. The Seventh Circuit affirmed this Court's preliminary injunction on August 1, 2023, 75 F.4th 760 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 683 (2024), shortly before A.C. was scheduled to begin classes as a 9th grade student at Martinsville High School.

51. As at Wooden, the boys' and girls' restrooms at Martinsville High School have multiple stalls with doors.

52. It is the position of MSD Martinsville that A.C. should not be allowed to use the male restrooms at the high school.

53. As Magistrate Judge Baker noted in an order entered after a telephonic status conference on August 1, 2023, referring to the Seventh Circuit's decision in this case,

"[d]espite this precedent allowing A.C. to use the boys' restroom in middle school, Defendants are contesting A.C.'s use of the boys' restroom now that he is beginning high school."(Dkt. 85).

54. On August 10, 2023, this Court clarified its prior preliminary injunction to provide that A.C. was able to "freely us[e] any boys' restroom located on or within the campus of John R. Wooden Middle School or any other school within the Metropolitan School District of Martinsville." (Dkt. 87).

55. Based on this clarification of the preliminary injunction, A.C. continues to use the boys' restrooms at Martinsville High School.

56. To the best of his knowledge his use of the boys' restrooms has not caused any problems with other students. Many students have no idea that he is transgender and know him only as a boy.

57. Absent the preliminary injunction, defendant would bar A.C. from the boys' restrooms despite the fact that it has conceded in this litigation that, even before this Court's preliminary injunction, transgender students at Martinsville High School have been able to use the restrooms that are consistent with their gender identity.

58. Being denied the ability to use the restrooms that are consistent with his male gender identity would again cause A.C. to suffer the harms that he previously suffered. These are harms that occur when the disconnect between his sex assigned at birth and

gender identity are emphasized and highlighted—depression, anxiety, mental distress, and other injuries.

59.     Moreover, it would potentially force him to be "outed" as a transgender boy, which would be extremely harmful.

60.     A.C. is being threatened with irreparable harm for which there is no adequate remedy at law.

61.     The Metropolitan School District of Martinsville is a recipient of federal funding and is an entity covered by Title IX.

62.     At all times defendant has acted and have failed to act under color of state law.

63.     The past actions and inactions of defendant represents intentional discrimination and have caused plaintiff damage for which plaintiff is entitled to compensation.

**Legal claims**

64.     The failure to allow A.C. to use male restrooms at John R. Wooden Middle School and the threatened denial of his ability to use male restrooms at Martinsville High School represents unlawful discrimination because of sex in violation of Title IX, 20 U.S.C. § 1681(a), for which the Metropolitan School District of Martinsville is liable.

65.     The failure to allow A.C. to use male restrooms at John R. Wooden Middle School and the threatened denial of his ability to use male restrooms at Martinsville High School violates the Equal Protection Clause of the Fourteenth Amendment, for which the Metropolitan School District of Martinsville is liable.

WHEREFORE, A.C. requests that this Court:

a. Accept jurisdiction of this case and set it for prompt hearing.

b. Declare that defendant has violated the plaintiffs' rights for the reasons noted above.

c. Enter a permanent injunction allowing A.C. to continue to use the boys' restrooms at Martinsville High School.

d. Award plaintiff his damages.

e. Award plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

f. Award all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org


Megan Stuart
Indiana Legal Services
214 S. College Ave., 2nd Floor
Bloomington, IN 47404
812/961-6902
Megan.stuart@ilsi.net

Attorney for Plaintiff