UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A. C. a minor child, by his next friend, mother and legal guardian, M.C., <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN SCHOOL DISTRICT OF MARTINSVILLE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. 1:21-cv-02965-TWP-MJD

**ORDER**

This matter is before the Court on Plaintiff's Motion to Exclude Witnesses Because of Failure to Disclose as Required by Federal Rule of Civil Procedure 26(e). [Dkt. 149.] For the reasons set forth below, the motion is **DENIED**.

The parties' final witness lists were due in this case on September 9, 2024. The instant motion arises out of the fact that Defendant listed 26 witnesses on its final witness list that were not identified on Defendant's preliminary witness list or in its initial disclosures. Nor were they listed by Plaintiff on his witness lists or disclosures. Plaintiff moves to exclude those witnesses from testifying in this case because Defendant failed to disclose them in a timely fashion and, given that liability discovery has closed and the deadline for all remaining discovery is less than a month away, Plaintiff would be prejudiced if the witnesses were permitted to testify at trial.

The premise of Plaintiff's motion is correct. Defendant was obligated to identify in its initial disclosures "each individual likely to have discoverable information—along with the subjects of that information—that [Defendant] may use to support its claims or defenses, unless

the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), Defendant had a further obligation to

> supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Defendant's arguments to the contrary are without merit. Defendant does not argue that it was unaware of the witnesses in question until very recently and therefore could not have been expected to supplement its disclosures earlier. Rather, it states in its brief that many of the witnesses in question have been known by Plaintiff "for some time" and that others have been known "since the inception of the lawsuit." *See, e.g.*, [Dkt. 152 at 2]. Defendant then argues at length that because Plaintiff was generally aware that the new witnesses might have relevant information, Defendant was not obligated to supplement its witness disclosures. But "'[i]t's one thing to know that a person's name is out there [but] it's another thing to know that the other side is intending to call him as a witness. That's why we have Rule 26(a) disclosures.'" *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 765 (7th Cir. 2020) (quoting district court's ruling in that case). Defendant also argues that the catch-all categories in Plaintiff's witness lists—such as "[a]ll witnesses noted on the final witness list of defendant"—somehow excuse Defendant's tardy disclosure. That is nonsensical.

By waiting until the deadline for its final witness lists, instead of supplementing at the time Defendant learned of the new witnesses, Defendant failed to comply with its obligation to supplement under Rule 26(e)(1)(A). Federal Rule of Civil Procedure 37(c)(1) provides that the consequence of that failure is that Defendant "is not allowed to use [those] witness[es] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

2

That said, this case is somewhat unusual in that the deadline for final witness lists was moved back from March 17, 2025, [Dkt. 99], to September 9, 2024, [Dkt. 115], so that the case could be tried in March 2025.  And while the case was filed in 2021, it was stayed from August 2022 to February 2024.  That left a shorter than normal time between the filing of Plaintiff's Amended Complaint on April 13, 2024, and the deadline for final witness lists; essentially five months instead of the normal nine months.  While this truncated schedule may or may not support a finding of substantial justification for Defendant's failure to supplement its witness disclosures in a timely manner, it is at least a mitigating factor.

In any event, the "requirements [of Rules 26 and 37] may be modified by the district court, and their enforcement is left to the court's sound discretion." *Hirlston v. Costco Wholesale Corp.*, 81 F.4th 744, 755 (7th Cir. 2023) (citing *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001)). The Court, in its discretion, finds that the interests of justice are better served under the circumstances of this case to deny the motion to preclude the witnesses and instead extend the time available to complete the depositions to give Plaintiff sufficient time to depose the witnesses without causing undue burden, thus rendering Defendant's failure harmless.  To that end, the parties shall proceed as follows:

- The parties shall have to and including **December 13, 2024**, to complete any discovery relating to the newly identified witnesses **only**, including the new witness identified by Plaintiff.  Should the Plaintiff require additional time for any follow-up written discovery after deposing these witnesses, the Plaintiff may so move.

- The parties shall prioritize any remaining expert discovery, as the deadline for *Daubert* motions will not be extended.

- Defendant shall, **within three business days of the date of this Order**, notify Plaintiff which of the 26 new witnesses it definitely intends to call at trial, so that the scheduling of those depositions may proceed.

- Defendant shall, **within fourteen days of the date of this Order**, file an amended final witness list that removes any witnesses it can reasonably determine at this point it will not call at trial.[1]

SO ORDERED.

Dated:  3 OCT 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

---

[1] Defendant recognizes in its brief that "the Trial Witness Lists will be culled as the parties sort out stipulations on authenticity and admissibility and work to narrow the presentation for a jury (and the School District has also offered to narrow its Final Witness List in advance of that)." [Dkt. 152 at 3.]  To the extent possible, the time to do so is now in order to avoid unnecessary discovery of witnesses who will not be called to testify.