UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A. C. a minor child, by his next friend, mother and legal guardian, M.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No. 1:21-cv-02965-TWP-MJD ) |
| METROPOLITAN SCHOOL DISTRICT OF MARTINSVILLE, | ) ) ) |
| Defendant. | ) ) |

**ORDER DENYING DEFENDANT'S MOTION
FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE**

This matter is before the Court on Defendant Metropolitan School District of Martinsville's (the "School District") Motion for Leave to File Supplemental Evidence in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Motion for Leave") (Filing No. 174). Several months ago, Plaintiff A.C., a minor child, by his next friend, mother and legal guardian, M.C. ("A.C.") filed his motion for partial summary judgment as to liability. Months after the motion became ripe and just minutes before the Court issued its ruling, the School District filed the instant motion seeking leave to file supplemental evidence, arguing that the parties were allowed additional time to depose witnesses, and the testimony of the witnesses the School District deposed is relevant to this litigation. *Id.* at 1–2. For the following reasons, the School District's Motion for Leave is **denied.**

**I.    DISCUSSION**

A full review of the factual and procedural background of this case is found in the Court's Order on Plaintiff's Motion for Partial Summary Judgment and Parties' Motions for Leave to File Surreply and Sur-surreply (the "Summary Judgment Order") (Filing No. 175) and need not be

repeated in this Order. The Court will therefore provide only a brief overview. A.C. initiated this action on December 3, 2021 (Filing No. 1), and over the past several years, this case has been vigorously litigated by both parties. Because of the age of this case, it is set for final pretrial conference on February 12, 2025, and trial by jury on March 10, 2025.

A.C. filed a Motion for Partial Summary Judgment on July 10, 2024 (Filing No. 123), the School District filed its response in opposition on August 7, 2024 (Filing No. 127), and A.C. replied on September 4, 2024 (Filing No. 142). On September 11, 2024, the School District filed a motion for leave to file a surreply (Filing No. 148), which the Court later granted in part (Filing No. 175 at 12). On January 7, 2025, roughly ten minutes before the clerk docketed the Court's Order granting A.C.'s Motion for Partial Summary Judgment (Filing No. 175), the School District filed its Motion for Leave (Filing No. 174). In its Motion, the School District seeks leave to file supplemental deposition testimony regarding: (A) the timing of A.C.'s presentation to the public as a transgender person and his peers' knowledge of his biological sex; (B) A.C.'s positive performance at school despite being denied access to the boys' restrooms; (C) the cause of A.C.'s alleged emotional damages; and (D) public concerns regarding school restroom use. *Id.* at 2–5.

Local Rule 56-1(b) requires that a party opposing a summary judgment motion "must, within 28 days after the movant serves the motion, file and serve a response brief and any evidence (that is not already in the record) that the party relies on to oppose the motion." S.D. Ind. L.R. 56-1(b). Local Rule 56-1(d) also permits a party to file a surreply brief within seven days of the movant's reply. The School District filed its Motion for Leave almost six months after A.C. filed his Motion for Partial Summary Judgment and almost three months after the School District filed its surreply.

The School District is requesting an exception to Local Rule 56-1 on the basis that it discovered new evidence after the close of summary judgment briefing. However, "[a] party failing to set forth evidence sufficient to defeat summary judgment may not later submit supplemental evidence purportedly demonstrating a dispute of material fact without legitimate justification as to why it failed to present that evidence during summary judgment proceedings." *Gray-Hopkins v. Prince George's Cnty.*, 201 F. Supp. 2d 523, 525 (D. Md. 2002). Without a showing that the School District's supplemental evidence was not previously available, the Motion for Leave should be denied, as "allowing the evidence now would be inconsistent with the spirit of Local Rule 56.1." *Dyson, Inc. v. Sharkninja Operating LLC*, 259 F. Supp. 3d 816, 828 (N.D. Ill. 2017) (citing local rule similar to S.D. Ind. L.R. 56-1); *see Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("We have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions . . . ."); *Doe v. Univ. of S. Ind.*, No. 21-cv-114, 2024 WL 3637769, at *4–5 (S.D. Ind. Aug. 1, 2024) (denying plaintiff's motion to file supplemental evidence because the motion was untimely, the proffered evidence was cumulative, and plaintiff did not timely request an extension of briefing deadlines pursuant to Federal Rule of Civil Procedure 56(d)).

The School District makes no such showing. Rather, the School District argues it should be given leave to submit new testimony on the grounds that it "is relevant to this litigation, further establishes that genuine issues of material fact remain which preclude [A.C.'s] request for summary judgment and should be considered by the Court at summary judgment." (Filing No. 174 at 2). As A.C. notes in his response, the testimony the School District now wishes to submit was given by its own employees, who were already known to the School District and included in its original September 2024 final witness list (Filing No. 179 at 3–4; Filing No. 144). The School District's

3

failure to interview and obtain testimony from its own witnesses before the close of summary judgment briefing does not justify leave to belatedly file supplemental evidence (Filing No. 179 at 5).

Further, even if the School District's Motion for Leave were timely, each of the four types of supplemental evidence the School District wishes to introduce is immaterial to the Court's summary judgment decision. First, the School District seeks to offer evidence to dispute "[t]he timing of A.C.'s presentation to the public as a transgender person and A.C.'s peers' knowledge of A.C.'s biological sex." (Filing No. 174 at 2). The Court does not view this evidence as material, and the School District fails to explain how it could be. The determination of whether A.C.'s Title IX and equal protection rights were violated does not turn on the timing of A.C.'s presentation as a transgender person or the knowledge of A.C.'s peers. Moreover, the existing summary judgment record establishes that the School District knew "very early on" in A.C.'s seventh-grade year that A.C. is a transgender person (Filing No. 179-1 at 9:11-19), and the School District does not explain how its supplemental evidence would materially add to the existing summary judgment record.

Second, the School District seeks to file supplemental evidence to show "A.C.'s positive performance at the John R. Wooden Middle School while not being allowed access to the boys' multi-use restrooms." (Filing No. 174 at 3). A.C.'s positive performance is also immaterial as to whether his Title IX and equal protection rights were violated. The Court stated in its summary judgment decision that the only pertinent question was whether limiting A.C. to the girls' restrooms or single-user restrooms treats him differently due to his transgender status (Filing No. 175 at 16); *see Whitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1040 (7th Cir. 2017) (applying *Bostock v. Clayton Cnty.*, 590 U.S. 644, 657 (2020)). The Court explained that the School District's "policy shows intentional discrimination on the basis of sex,"

4

violating A.C.'s equal protection rights. *Id.* at 20. Supplemental evidence of A.C.'s positive performance in school may be relevant to damages but bears neither on whether he was treated differently nor on whether the School District's policy shows intentional discrimination on the basis of sex.

Third, the School District seeks to offer evidence to show the "cause of A.C.'s alleged anxiety, depression, and emotional distress, as it relates to familial and other issues, rather than a denial of access to the boys' multi-use restrooms." (Filing No. 174 at 4). As explained above, this evidence may be relevant to damages but is not material to liability.

Lastly, the School District seeks leave to file evidence of "public policy considerations concerning privacy and safety raised by members of the public and considered by the School board and School administrators regarding the maintenance of school restrooms consistent with biological sex and the reasonableness of accommodations offered to A.C." (Filing No. 174 at 5). The Court found in its summary judgment decision that "[t]he privacy concerns addressed by the School District are hypothetical and do not reflect a genuine governmental objective because no student has complained about A.C.'s use of the boys' restroom." (Filing No. 175 at 18). The concerns of "15 parents, four grandparents, and 20 community members" (Filing No. 174 at 5) are immaterial to the Court's determination, as they do not show that any student complained about A.C.'s use of the boys' restrooms. Further, as explained in the Court's Summary Judgment Order, the reasonableness of the accommodations provided to A.C. is immaterial to the determination of whether his rights were violated (Filing No. 175 at 16).

Because the School District's Motion for Leave is untimely, does not comport with the Local Rules, and seeks to offer immaterial evidence, the Motion for Leave is **denied**.

## II.     CONCLUSION

For the reasons stated above, the School District's Motion for Leave to File Supplemental Evidence in Opposition to Plaintiff's Motion for Partial Summary Judgment (Filing No. 174) is **DENIED**. The Court's Summary Judgment Order (Filing No. 175) and Permanent Injunction (Filing No. 177) remain in full effect, and this matter remains set for final pretrial conference on February 12, 2025, and jury trial beginning March 10, 2025.

**SO ORDERED.**

Date:    1/16/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jmayes@boselaw.com

Stevie J. Pactor
ACLU OF INDIANA
spactor@aclu-in.org

Megan Stuart
INDIANA LEGAL SERVICES, INC. (Bloomington)
megan.stuart@ilsi.net

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com