UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A. C. a minor child, by his next friend, mother and legal guardian, M.C., ) ) ) Plaintiff, ) ) v. ) ) METROPOLITAN SCHOOL DISTRICT OF ) MARTINSVILLE, ) ) Defendant. ) | Case No. 1:21-cv-02965-TWP-MJD |

**ENTRY CONCERNING DEFENDANT'S SUPPLEMENTAL EVIDENCE**

On January 7, 2025, Defendant's Metropolitan School District of Martinsville (the "School District") filed a Motion for Leave to File Supplemental Evidence in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Motion to File Supplemental Evidence") (Filing No. 175), and on January 14th, 2025, Plaintiff A.C. filed a Response (Filing No. 179). Then, on January 16, 2025, prior to the parties' scheduled status teleconference with the Magistrate Judge, the Court issued an Order Denying Defendant's Motion for Leave to File Supplemental Evidence ("Order Denying Supplemental Evidence") (Filing No. 184). Thereafter, on January 21, 2025, the School District filed a Motion for Leave to File Reply in Support of Motion for Leave to File Supplemental Evidence ("Motion to File Reply") (Filing No. 186). Recognizing that the School District appealed the Court's Order on Plaintiff's Motion for Partial Summary Judgment, the Court granted the School District's Motion for Leave to File Reply, the same day it was filed (Filing No. 190). In this entry, for completeness of the record, the Court addresses the Reply.

## I.     DISCUSSION

While the Court granted the School District's Motion for Leave to File a Reply, a reply brief was not required for the Court to rule on the School District's Motion to File Supplemental Evidence, nor did the Court ask for a reply brief. *Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002) (courts generally "do not consider arguments raised for the first time in a reply brief"). Non-movants are not always entitled to file reply briefs to non-dispositive motions, including motions to file supplemental evidence. The Federal Rules of Civil Procedure do not guarantee such a right, and although this Court's Local Rules permit reply briefs, courts have broad discretion in enforcing, or not enforcing, their own local rules. *Gray v Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). This Court therefore did not need to wait for the School District to file a reply before ruling on their Motion to File Supplemental Evidence.

Further, even if the Court had considered the reply brief before ruling on the substance of the Motion, it would not have changed the Court's determination that the Motion to File Supplemental Evidence was untimely, did not comport with the Local Rules, and sought to offer immaterial evidence. The School District's reply brief raises the same arguments the Court rejected in its Order Denying Supplemental Evidence. The only different argument asserted in the reply brief, is the School District's assertion that its supplemental evidence was not previously available – a standard the School District says the Court's Order Denying Supplemental Evidence rested on. However, the Court found that "even if the School District's Motion [to File Supplemental Evidence] were timely, each of the four types of supplemental evidence the School District wishes to introduce is immaterial to the Court's summary judgment decision." (Filing No. 184 at 4). Thus, timeliness, even if true, does not change the Court's determination.

Moreover, the reply brief does nothing to change the Court's determination that the supplemental evidence is immaterial. The reply merely recites the same arguments presented in the Motion to File Supplemental Evidence. Accordingly, the Order Denying Defendant's Motion for Leave to File Supplemental Evidence, remains unchanged.

## II.    CONCLUSION

While the Court granted the School District's Motion to File Reply, the Court was not required to consider it before ruling on the Motion to File Supplemental Evidence. Even if the Court had considered the reply brief, the outcome would be identical. Accordingly, having reviewed the School District's Motion for Leave to File Reply in Support of Motion for Leave to File Supplemental Evidence, it does not alter the Court's Order Denying Defendant's Motion For Leave To File Supplemental Evidence (Filing No. 184).

**SO ORDERED.**

Date: 2/3/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jmayes@boselaw.com

Stevie J. Pactor
ACLU OF INDIANA
spactor@aclu-in.org

Megan Stuart
INDIANA LEGAL SERVICES, INC. (Bloomington)
megan.stuart@ilsi.net

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com